UNITED STATES DISTRICT COURT
FOR TH DISTRICT OF PUERTO RICO

**WARMINSTER INVESTMENT CORP.**

    **Plaintiff**

    v.                                                                    Civil No. 98-1481 (DRD)

**HORIZONS HOTELS CORP., et al**

    **Defendants**

## ORDER

Pending before the Court is the National Labor Relations Board's ("Board") motion to intervene pursuant to Rule 24(a)(b) of the FED. R. OF CIV. PROC. (Docket No. 25). The Board argues that it should be allowed to intervene in the instant case "because the Board has an interest relating to the property which is subject to this action and the Board is so situated that disposition of this action may, as a practical matter, impair or impede the Board's ability to protect its interest." Docket No. 25 at pg. 1.

### I. Standard for motion to intervene

In <u>Public Service Company of New Hampshire v. Patch</u>, 136 F.3d 197 (1st Cir. 1998), the First Circuit discussed the legal intricacies of Rule 24(a)(2)[1]. The Court stated:

    A party that desires to intervene in a civil action under Rule 24(a)(2) must

---

[1] Said rule reads as follows: "**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

1

> satisfy four conjunctive prerequisites: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest. See Conservation Law Found. v. Mosbacher, 966 F.2d 39, 41 (1st Cir.1992). An applicant for intervention as of right must run the table and fulfill all four of these preconditions. The failure to satisfy any one of them dooms intervention. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir.1989).
>
> The application of this framework to the diverse factual circumstances of individual cases requires a holistic, rather than reductionist, approach. See International Paper Co. v. Town of Jay, 887 F.2d 338, 344 (1st Cir.1989). The inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they "be read not discretely, but together," and always in keeping with a commonsense view of the overall litigation. United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir.1984). Because small differences in fact patterns can significantly affect the outcome, the very nature of a Rule 24(a)(2) inquiry limits the utility of comparisons between and among published opinions. See Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir.1995).

Id. at 204. See also Conservation Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992).

### a. Timeliness of the Board's motion

The Supreme Court of the United States has emphasized that timeliness of a motion to intervene is of first importance and that denial of a motion to intervene must be upheld unless the district court has abused its discretion. United Nuclear Corporation v. Cannon, 696 F.2d 141, 143 (1st Cir. 1982) (discussing NAACP v. New York, 413 U.S. 345, 365-366, 93 S.Ct. 2591, 2602 (1973). To determine whether a motion to intervene is timely, the First Circuit has advanced four guiding factors: (1) the length of time the prospective intervenor knew or reasonably should have known that its interest was imperilled before it moved to intervene; (2) the foreseeable prejudice to existing parties due to the failure to petition for intervention promptly; (3) the foreseeable prejudice

the prospective intervenor would suffer if not allowed to intervene; and (4) the existence of any unusual circumstances militating either in favor or against intervention. Id. See also Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231 (1st Cir. 1992).

The Board asserts that it holds a secured interest in the property which is the subject of the instant complaint but that despite that interest Warminster did not serve the Board with a copy of the Complaint. The Board further asserts that it did not receive actual notice of Warminster's pending action until September 1998 and that at that time it requested a stay of the instant proceedings pending completion of an investigation concerning the relationship between Warminster, Horizons Hotel Corp. ("Horizons"), and Horizons' alter ego, Hotel Associates, Inc. ("Hotel Associates"), and "certain highly suspicious financial transactions between or among these entities." Docket No. 25, pg. 3. The Court stayed the proceedings on April 15, 1999, and ordered the NLRB to file a formal motion to intervene by May 7, 1999. (Docket No. 23) As ordered, the Board filed its motion on May 7, 1999.

In the interest of justice, taking into account the procedural history surrounding the Board's motion to intervene, and in light of the special powers conferred by statute upon the Board, the Court hereby finds the Board's motion to intervene as timely filed. The Board filed its first motion in this case on September 28, 1998, soon after the Board received actual notice of the instant complaint. (Docket No. 12). It was in response to this motion that the Court ordered the Board to request a formal intervention and the Board duly complied. Further, under the National Labor Relations Act, 29 U.S.C. § 151 et seq., the Board is empowered and directed to investigate allegations of unfair labor practices and to issue remedial orders requiring violating parties to make whole persons who have incurred financial losses as a result of such unfair labor practices. In the exercise of these

3

duties the Board became a judgment creditor of Horizons and Hotel Associates Inc., and obtained a secured interest in the property that is the subject of the instant complaint. Thus, it is clear that the Board and the public have an interest in the Board's intervention in this case and that the Board and the public risk suffering great harm if the Board is prevented from intervening. Finally, none of the parties to the Complaint have opposed the Board's petition, nor does the Court foresee that these parties will suffer any unwarranted harm as a result of the Board's intervention.

**b. The Board's property interest.**

"While the type of interest sufficient to sustain intervention as of right is not amenable to precise and authoritative definition, a putative intervenor must show at a bare minimum that it has a 'significantly protectable interest.'" Id. at pg. 205. See also Conservation Law Foundation, 966 F.2d at 41, citing Donaldson v. U.S., 400 U.S. 515, 531, 91 S.Ct. 534, 542 (1971). Further, "'the intervenor's claims must bear a 'sufficiently close relationship' to the dispute between the original litigators.'" "'The interest must be direct, not contingent.'" "Potential economic hard to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry." Conservation Law Foundation, 966 F.2d at pg. 42.

The Board asserts that, in an amount exceeding $3.5 million, the Board is a judgment creditor of the Horizons and Hotel Associates, Inc. and a secured creditor with respect to the property which is the subject of the instant forfeiture action. See NLRB v. Horizons Hotel Corp. d/b/a Carib Inn of San Juan, 312 NLRB 1212 (1993); Docket No. 25, Exhibits 1-5. The Board is also a judgment creditor against Defendants in the amount of $24,428.00. See NLRB v. Horizons Hotel Corporation d/b/a Carib Inn Tennis Club and Casino, 322 NLRB 214 (1996); Docket No. 25, Exhibits 6-7. Thus, argues petitioner, "the Board clearly has 'an interest relating to the property which [sic] the subject

of the [instant] action.'" Docket No. 25, pg. 5.

The Board has met its burden of proving the existence of a substantial interest in the property involved in the instant case and it is clear to the Court that the Board's asserted interested falls within the kind of interests which Rule 24(a)(2) is meant to protect.

### c. Threat to the Board's property interest

The case at bar is an action to collect on a note pursuant to which unpaid principal and interest allegedly exceed $8.5 million. Said note is secured by mortgage on Defendants' only substantial property, the Carib Inn Hotel, the same one against which the Board holds a security interest subordinate to that allegedly held by Warminster. Therefore, argues the Board, if Warminster prevails in the instant proceeding and is allowed to foreclose the mortgage that it allegedly holds against the Carib Inn Hotel, Defendants would be rendered judgment proof with respect to the Board's credits against them. "Clearly, then, 'disposition of this action may impair or impede the [Board's] ability to protect [its] interests.'" Docket No. 25, pg. 6. The Court agrees and finds this criterion to be met.

### d. Adequate representation of the Board's interests

"An applicant for intervention need only make a minimal showing that the representation afforded by existing parties likely will prove inadequate." Patch. 136 F.3d at 207. See also Conservation Law Foundation, 966 F.2d at 44; Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10 (1972). In the instant case, the Board advances that it has substantial reasons to question the validity of Warminster's claims in this case, including the existence of evidence allegedly demonstrating significant managerial links between Warminster and Defendants and Defendants' established history of improperly manipulating corporate assets to evade creditor

5

obligations. Docket No. 25, pg. 6. Accordingly, the Board feels and the Court agrees that neither Plaintiff nor Defendants may adequately represent the Board's property interests. Moreover, the Court finds that the Small Business Administration, who is named as a defendant for holding a subordinate mortgage on the property in question and is represented by the United States Attorney's Office, District of Puerto Rico, is a competing lien holder and, therefore, cannot fairly be called to represent the Board's interests.

## II. Conclusion

For the reasons stated above, the Court hereby **GRANTS** the Board's motion to intervene.

**IT IS SO ORDERED.**

Date: November 22, 1999

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**